CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 25 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 5:96-cr-30056-1 |
| v. | **MEMORANDUM OPINION** |
| **PATRICK FLOYD WILSON,**<br>**Petitioner.** | By: Hon. Michael F. Urbanski<br>Chief United States District Judge |

Patrick Floyd Wilson ("Wilson"), a federal inmate proceeding pro se, filed a "request for modification of supervised release conditions" pursuant to 18 U.S.C. § 3583(e)(2). ECF No. 120. For the reasons discussed below, Wilson's motion is denied with prejudice.

18 U.S.C. § 3583 authorizes the court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to expiration or termination of the term . . . ." § 3583(e)(2). But, before modifying any conditions of supervised release, the court must consider all the factors set forth in 18 U.S.C. § 3553(a). § 3583(e). The § 3553(a) factors require the court to "consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency . . . ." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997).

> Conspicuously absent from the list of relevant considerations is the legality of the condition. [ . . . ] Subsection 3583(e)(2) on its face authorizes the court to modify conditions of supervised release only when general punishment goals would be better served by a modification. It does not authorize the court to assess the lawfulness of a condition of release. Other procedures, such as a direct appeal under 18 U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255, are available to challenge the legality of a condition of supervised release, as long as the requirements of those procedures have been met.

Id.; See also United States v. McMahon, No. 99-4239, 2000 U.S. App. LEXIS 18182, at *12 (4th Cir. July 28, 2000) (stating that other means of challenging an illegal sentence are "through direct appeal or, where appropriate, a collateral attack under 28 U.S.C. § 2255").

In this case, Wilson alleges that the immigration condition of his supervised release is an "illegal Judicial banishment . . . ." ECF No. 120, 2. Wilson argues that "[c]ourts across the country have confirmed that conditions, like the one currently being disputed . . . are illegal . . . ." Id. at 3. Therefore, Wilson argues, the "[j]udgment should be modified to remove that illegal condition." Id. at 4.

Neither 18 U.S.C. § 3583(e)(2) nor § 3553(a) allows the court to modify a condition of supervised release because it is illegal. So, Wilson's motion is procedurally defective and must be dismissed.

Even if Wilson's motion was not procedurally defective, however, it must still be dismissed on substantive grounds. 18 U.S.C. § 3583(d) states: "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." Section 3583(d) allows "courts to add as a condition of supervised release deportation by the INS of defendants who are deportable," but it does not allow courts to "order deportation directly . . . ."[1] United States v. Brotherton, 33 F. App'x 78, 79 (4th Cir. 2002) (Citing United States v. Xiang, 77 F.3d 771, 772 (4th Cir. 1996)).

In Xiang, the District Court for the Eastern District of North Carolina ordered a defendant to be deported as a condition of his supervised release. 77 F.3d 771, 772 (4th Cir. 1996). The district court also ordered the defendant to be "delivered to a duly authorized immigration official for deportation" and "[i]f deported by the Immigration and Naturalization Service, the defendant [was ordered] not [to] illegally reenter the United States during the period of

---

[1] The Immigration and Naturalization Service (INS) ceased to exist on March 1, 2003. But, most of its functions were transferred from the Department of Justice to three new components within the Department of Homeland Security: U.S. Immigration and Customs Enforcement (ICE); U.S. Citizenship and Immigration Services (USCIS); and U.S. Customs and Border Protection (CBP).

2

supervised release." Id. On appeal, the defendant argued that the district court's order "arrogate[d] the executive power vested in the Attorney General to determine [his] deportability." Id. The government argued that the district court "merely provide[d] for the Immigration and Naturalization Service (INS) to decide whether or not to order the appellant's deportation." Id. The Fourth Circuit stated "[w]hile the district court did order the defendant's deportation as a condition of supervised release, it also recognized that the court itself would not accomplish the deportation because it ordered the delivery of the defendant 'to a duly authorized immigration official for deportation.'" Id. at 773. Only then did the Fourth Circuit proceed to modify the language in the district court's order to "eliminate any ambiguity." Id.

In this case, the contested immigration condition states:

> Upon completion of his term of imprisonment, the defendant is to be surrendered to a duly authorized Immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act., Title 8, U.S.C. Section 1101. As a further condition of supervised release, the defendant shall remain outside the United States.

ECF No. 74, 4. Like the condition in Xiang, this condition contemplates Wilson's transfer to the proper immigration authority. When the two sentences are read together, the second sentence is contingent on a finding by that authority that Wilson be deported. So, a plain reading of the condition as a whole reveals that the court did not order Wilson directly deported. Rather, the court ordered Wilson to be surrendered to the proper immigration authority and, if deported, to remain outside of the United States. Thus, the condition comports with both the language of § 3583(d) and the Fourth Circuit's interpretation of that language.

For the reasons stated above, Wilson's motion is denied with prejudice.

ENTER: This 25th day of January, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge