IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:96-cr-30056 |
| v. ) | |
| ) | |
| PATRICK FLOYD WILSON, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Patrick Floyd Wilson's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 125. The Federal Public Defender has supplemented Wilson's pro se request. ECF No. 131. The government opposes it. ECF No. 132. Because Wilson has not demonstrated extraordinary and compelling circumstances to justify his release, the court will **DENY** his motion.

## I.

On August 6, 1998, a jury found Wilson guilty of using—and aiding and abetting in the use of—interstate commerce in the commission of murder for hire in violation of 18 U.S.C. §§ 1958 and 2. ECF Nos. 59, 7. On November 5, 1998, this court sentenced Wilson to life in prison. ECF No. 64; see also ECF No. 74 (judgment amended due to clerical error). Wilson has been in continuous custody since September 2, 1997, and is currently housed at FCI Otisville. See ECF No. 129 at 2; ECF No. 132 at 3.

Wilson seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Wilson is borderline diabetic and suffers from high blood pressure, hypertrophy of the left breast, and back pain. See ECF No. 125 at 1; ECF No. 131 at 3. Wilson

seeks immediate release. ECF No. 125 at 1. The government opposes any sentence reduction for Wilson. ECF No. 132. This matter is fully briefed and ripe for disposition.[1]

**II**.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Wilson's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Wilson is a danger to the safety of the community.

    i.    <u>Wilson has fully exhausted his administrative remedies.</u>

---

[1] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, the court has not received any evidence of exhaustion, but the government reports that Wilson sought compassionate release from the warden of FCI Otisville and did not receive a reply within 30 days. ECF No. 132 at 5–6. The government does not contest that Wilson has satisfied the exhaustion requirement because of this. Id. Accordingly, the court finds that Wilson exhausted his administrative remedies.

   ii.   <u>Wilson does not present extraordinary and compelling circumstances to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application

3

notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

The court finds that Wilson's underlying medical conditions, even in the context of the COVID-19 pandemic, do not present "extraordinary and compelling reasons" to reduce his sentence under Application Note A. Id. at cmt. n. 1(A). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[2] It "distinguishes between those conditions where available data is strong enough and consistent

---

[2] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020).

4

enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Wilson is borderline diabetic and suffers from high blood pressure, hypertrophy of the left breast, and back pain. See ECF No. 125 at 1; ECF No. 131 at 3. The CDC recognizes that Wilson's high blood pressure "might" put him at an "increased risk for severe illness" should he contract the coronavirus, but does not recognize any increased risk for his other conditions.[3] Because the additional risk posed by Wilson's high blood pressure is neither certain nor inevitable, it is not extraordinary and compelling enough to justify a reduction of his sentence. See, e.g., Barnes, 2020 WL 6450283, at *2. While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Because the court finds that Wilson has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[4]

### III.

For these reasons, the court will **DENY** Wilson's motion for compassionate release, ECF No. 125. The clerk is directed to send a copy of this memorandum opinion and

---

[3] Id.
[4] Because the court finds that Wilson has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.

5

accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

    It is so **ORDERED**.

Entered: January 4, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.04 13:38:59 -05'00'

Michael F. Urbanski
Chief United States District Judge